1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CURTIS L. DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-00332-JCM-CWH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JOHNNIE GRAVES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

Presently before the court is *pro se* plaintiff Curtis L. Downing's motion for a temporary restraining order. (Doc. # 28).

**I.     Background**

Plaintiff is a prisoner currently in custody at the Southern Desert Correctional Center. Plaintiff, a self-described "jailhouse lawyer", alleges that he is the subject of a conspiracy between the law library supervisor, Rashonda Smith, and correctional officer "Mesa" (no first name given). Plaintiff maintains that Smith and Mesa have conspired in an effort to prevent him from assisting fellow inmates in filing lawsuits challenging their convictions, in violation of his and others' First Amendment rights.  More specifically, plaintiff alleges that Smith and Mesa have intentionally

arranged the law library scheduling sessions in a manner that makes it impossible for plaintiff to meet with the inmates he is assisting, and that they have confiscated various legal materials belonging to plaintiff and the inmates he is assisting.

**II.    Legal Standard**

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).[1]

**III.   Discussion**

Plaintiff moves the court to require the Southern Desert Correctional Center to return the allegedly confiscated materials, and seeks a determination that the prison's policies regarding library access and legal materials serve no legitimate penological purpose, and are instead intended to make it more difficult for prisoners to access the courts. Plaintiff essentially seeks a court order requiring that the prison make it easier for him to assist other inmates in the research, drafting, and filing of lawsuits.

. . .

---

[1] The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

Plaintiff must establish real and immediate irreparable harm before this court may grant a temporary restraining order. Plaintiff has not met that high burden. Based on the facts presented, plaintiff's alleged injuries do not establish the requisite immediacy to warrant a temporary restraining order. Temporary restraining orders are a mechanism for the court to deal with real, immediate, and serious risks and injuries. This motion simply does not rise to that level, and the court further finds that there is not a high enough likelihood of success on the merits to grant a temporary restraining order.

When considering penological interests, the court should first determine the reasonableness of the regulation. *See Turner v. Safely*, 482 U.S. 78, 89-90 (1987). Because plaintiff filed the instant motion seeking a temporary restraining order, the prison has not yet had the opportunity to justify its policies regarding the scheduling of library sessions or the possession of other inmates' legal materials. However, plaintiff also filed the exact same motion seeking a preliminary injunction. (*See* doc. # 29). The court finds it appropriate to permit the prison to respond to these allegations via the normal briefing schedule of a preliminary injunction.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 28) be, and the same hereby is, DENIED.

Dated October 4, 2013.

_____
UNITED STATES DISTRICT JUDGE