# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS L. DOWNING, ) | |
| ) | |
| Plaintiff, ) | 2:12-cv-00332-JCM-CWH |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JOHNNIE GRAVES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion to Seal (#36), filed October 16, 2013. At the time of filing the motion, Plaintiff also filed several affidavits allegedly supportive of his claims in this matter. (#37). Plaintiff seeks to have the affidavits filed under seal. He also seeks a court order sealing all future affidavits. Plaintiff has not cited any authority supporting his request that documents be sealed. Generally, "[t]he failure of a moving party fo file points and authorities in support of the motion shall constitute a consent to the denial of the motion." *See* Local Rule 7-2(d). The decision to seal documents in a case is not one taken lightly and is subject to exacting standards. *See e.g. Kamakan v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Additionally, it is not clear why the affidavits have been filed in the first instance, as they are not specifically connected to any particular motion or request for relief. They appear to simply be evidence Plaintiff intends to use to potentially support his claim. As such, they are best viewed, in the manner submitted, as discovery materials which should not be filed with the Court. *See* Local Rule 26-8. Consequently, the Court will strike the affidavits. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal (#36) is **denied without prejudice**.

1  **IT IS FURTHER ORDERED** that the Clerk shall strike Plaintiff's filing at docket entry
2  #37.
3  Dated: October 22, 2013.

   _____
   **C.W. Hoffman, Jr.**
   **UNITED STATES MAGISTRATE JUDGE**