UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CURTIS L. DOWNING, | ) | |
| Plaintiff, | ) | 2:12-cv-00332-JCM-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| JOHNNIE GRAVES, *et al.*, | ) | |
| Defendants. | ) | |

    This matter is before the Court on Plaintiff's Motion for Enlargement of Time (#48), filed November 12, 2013, and Defendant's Response (#52), filed November 19, 2013.

    Plaintiff, who is incarcerated, seeks an approximately sixty (60) day extension in which to file a reply brief related to his motion for preliminary injunction. He asserts the extension is necessary because he has only limited library time to prepare his filings and needs more time. Defendants oppose the length of the requested extension on the grounds that (1) Plaintiff's motion is untimely and not supported by excusable neglect, and (2) Plaintiff has failed to articulate what specific legal research is necessary in order to prepare a reply brief. Defendants argue that a two-week extension should be sufficient to permit Plaintiff to prepare and file his reply brief.

    Plaintiff's motion (#48) was filed after the date on which his reply was due and is therefore reviewed under the excusable neglect standard of Fed. R. Civ. P. 6(b)(1)(B) and Local Rule ("LR") 26-4. In evaluating excusable neglect, the court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380,

395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 825 n. 4 (9th Cir.1996).

The Court agrees with Defendants that some extension is warranted, but Plaintiff has not made the requisite showing that an extension of the length requested is necessary. Plaintiff's utilization of his allotted time within the prison library is within his reasonable control, even if made more difficult by his confinement. It appears Plaintiff is acting in good faith and a limited extension to file a reply brief will have minimal impact, if any, on the proceedings. Given their consent to a more limited extension, Defendants tacitly agree they will not be prejudiced if an extension is granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Enlargement of Time (#48) is **granted in part and denied in part**. Plaintiff shall file his reply brief by **Friday, December 6, 2013.**

Dated: November 21, 2013.

C.W. Hoffman, Jr.
**UNITED STATES MAGISTRATE JUDGE**

2