UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CURTIS L. DOWNING, | ) | |
| Plaintiff, | ) | 2:12-cv-00332-JCM-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| JOHNNIE GRAVES, *et al.*, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Strike (#59), filed January 7, 2014. By way of the motion, Defendants request that the Court strike Plaintiff's response (#58) because it exceeds the page limitation set forth in Local Rule 7-4. Defendants further request that the Court require Plaintiff to obtain leave to refile any subsequent opposition. Alternatively, Defendants seek an extension of time within which to file a reply.

Local Rule 7-4 provides that "[u]nless otherwise ordered by the Court, pretrial and post-trial briefs and points and authorities in support of, or in response to, motions shall be limited to thirty (30) pages including the motion but excluding exhibits." "Motions, responses, and replies should be plain and concise, and the court will only allow parties to file papers in excess of the page limitations of the Local Rules in relatively rare situations when the issues are so complex that excess pages are required to articulate the parties' positions." *Randazza v. Cox*, 2013 5566230 (D. Nev.). Pursuant to Local Rule IA 4-1(c), the court may impose "any appropriate sanction on parties who fail to adhere to the Local Rules." *See Progressive Games, Inc. v. Shuffle Master, Inc.*, 69 F.Supp. 2d 1276, n. 2 (D. Nev. 1999); *see also* LR IA 4-1(c) ("The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in *pro se* who, without

just cause . . . [f]ails to comply with [the Local Rules].).

Judges have not hesitated to strike or deny motions which violate the page limitations of LR 7-4. *See Romero v. Dep't of Corrections*, 2013 WL 6206705 *5 (D. Nev.) (noting that a prior opposition had been stricken for failure to comply with LR 7-4); *Branch Banking and Trust Co. v. Pebble Creek Plaza, LLC*, 2013 WL 6122387 (D. Nev.) (striking four separately filed motions for summary judgment which, when taken together, exceeded the page limitation of LR 7-4 and constituted an improper attempt to circumvent the rule); *Joson v. Bank of America*, 2013 WL 1249714 *3 (D. Nev.) (striking an opposition to a dispositive motion that exceeded the page limitation of LR 7-4); *Olin Corp. v. Continental Cas. Co.*, 2012 WL 2884803 (D. Nev.) (denying without prejudice several motions for summary judgment filed separated in an improper attempt to circumvent LR 7-4). The Ninth Circuit has upheld the determination to strike briefs which run afoul of page limitations set by local rules. *See King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (concluding that the district court acted appropriately in striking portions of a summary judgment brief that exceeded the page limitations set by local rule). The Ninth Circuit has also refused to consider briefing that exceeds its own rules regarding page limitations. *United States v. Marchini*, 797 F.2d 759, 767 (9th Cir. 1986) (refusing to consider portions of appellate brief that violated the rules regarding page limitations).

It is well within the Court's authority to strike a motion or briefing that exceeds the page limitations of LR 7-4 if the filing party does not first obtain leave to file in excess of the presumptive limitation. Generally speaking, even when the Court permits longer briefing it requires the inclusion of a table of contents and table of authorities. *See* LR 7-4. There is no question that, in this instance, Plaintiff's opposition (#58) violates the page limitation requirement of LR 7-4. The Court would normally be inclined to strike the brief with instruction that the filing party obtain leave and comply with the particulars of LR 7-4. The Court notes, however, that the response is handwritten and, in all likelihood, would be substantially shorter were it typed. Additionally, Defendants indicate

that an extension of time within which to file a reply brief would adequately cure any prejudice they might encounter due to length of the response.  The Court agrees that an extension is sufficient under the circumstances.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike (#59) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' request for an extension of time to file a reply brief is **granted**.  Defendants' reply shall be filed by **Friday, January 17, 2014**.

Dated: January 8, 2014.

                                                  **C.W. Hoffman, Jr.**
                                                  **UNITED STATES MAGISTRATE JUDGE**