1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CURTIS L. DOWNING,                          )
                                            )
                    Plaintiff,              )          2:12-cv-00332-JCM-CWH
                                            )
vs.                                         )
                                            )          **ORDER**
JOHNNIE GRAVES, *et al.*,                   )
                                            )
                    Defendants.             )
_____)

18      Presently before the court is *pro se* plaintiff Curtis L. Downing's motion for preliminary

19   injunction. (Doc. # 29). Defendants have responded (doc. # 47) and plaintiff has replied (doc. # 57).

20   **I.      Background**

21      Plaintiff is a prisoner currently in custody at the Southern Desert Correctional Center. Plaintiff,

22   a self-described "jailhouse lawyer", alleges that he is the subject of a conspiracy between the law library

23   supervisor, Rashonda Smith, and correctional officer "Mesa" (no first name given). Plaintiff maintains

24   that Smith and Mesa have conspired in an effort to prevent him from assisting fellow inmates in filing

25   lawsuits challenging their convictions, in violation of his and others' First Amendment rights. More

26   specifically, plaintiff alleges that Smith and Mesa have intentionally arranged the law library scheduling

1  sessions in a manner that makes it impossible for plaintiff to meet with the inmates he is assisting, and

2  that they have confiscated various legal materials belonging to plaintiff and the inmates he is assisting.

3  **II.      Legal Standard**

4          As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore

5  held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se*

6  is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

7  stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations

8  omitted).  However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than

9  parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986)

10          With respect to preliminary injunctions, the Supreme Court has stated that courts must evaluate

11  the following factors: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if

12  preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.

13  *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

14  **III.     Discussion**

15          Plaintiff moves the court to order the detention center to return the allegedly confiscated

16  materials, and seeks a determination that the prison's policies regarding library access and legal materials

17  serve no legitimate penological purpose, but are instead intended to make it more difficult for prisoners

18  to access the courts.  Plaintiff essentially seeks a court order requiring that the prison make it easier for

19  him to assist other inmates in the research, drafting, and filing of lawsuits.

20          Plaintiff has failed to demonstrate he enjoys any likelihood of success on the merits.  Even

21  liberally construing his pleadings, it appears the crux of plaintiff's dispute regards his "constitutional

22  right" to assist other inmates in their own lawsuits.

23          The Supreme Court has declared that "when a prison regulation impinges on inmates'

24  constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."

25  *Shaw v. Murphy*, 532 U.S. 223, 229 (2001)(*citing Turner v. Safley*, 482 U.S. 78, 89 (1987)).  The

26  detention center's scheduling of library access and limit on the number of inmates that may access the

library at one time are meant to ensure the safety and security of the institution, and therefore are legitimate penological interests.  As such, plaintiff does not enjoy a likelihood of success on the merits of his claims, and his motion for an injunction is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a preliminary injunction (doc. # 29) be, and the same hereby is, DENIED.

Dated April 8, 2014.

UNITED STATES DISTRICT JUDGE