1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CURTIS L. DOWNING,                    )
                                      )
                 Plaintiff,           )        2:12-cv-00332-JCM-CWH
                                      )
vs.                                   )
                                      )        **ORDER**
JOHNNIE GRAVES, *et al.*,              )
                                      )
                 Defendants.          )
_____ /

    Presently before the court is defendants' motion to dismiss or, in the alternative, summary judgment. (Doc. # 43). The plaintiff responded (doc. # 58) and the defendants replied  (doc. # 61).

**I.      Background**

    Curtis Downing (hereinafter "plaintiff") a *pro se* litigant in the custody of the Nevada Department of Corrections ("NDOC") filed this action pursuant to 42 U.S.C. § 1983. (Doc. #9 and #10). The events that gave rise to this action took place while plaintiff was housed at Southern Desert Correctional Center ("SDCC") from March 2010 to December 2012. *Id*.

    On January 31, 2013, the court screened his complaint pursuant to 28 U.S.C. § 1915A(a). (Doc. # 8). The court recognized eleven counts against thirteen individual defendants; one claim was dismissed

1  with prejudice and six defendants were dismissed from suit and/or not accused of any claims which

2  survived the court's screening. *Id.*

3     The following eleven claims remain:

4     Count three (3): First Amendment retaliation claim against defendants Williams and Cox for

5  allegedly denying the plaintiff's appeal of a disciplinary finding of guilt for charging other inmates legal

6  fees for assisting with their legal pursuits.

7     Count four (4): First Amendment retaliation claim against defendant Wilson for allegedly

8  initiating a false notice of charging for charging legal fees.

9     Count six (6): (a) First Amendment retaliation claim against defendants Howell and Williams

10  for allegedly moving plaintiff to different housing and then to a different prison for filing grievance

11  claims about housing conditions; and (b) a conspiracy claim against defendant Cox for refusing to

12  reverse the aforementioned allegedly retaliatory actions.

13     Count seven (7): (a) First Amendment retaliation claim against defendant Williams for allegedly

14  recommending false charges be brought against plaintiff for abuse of grievance procedures in retaliation

15  for filing grievances; and (b) a conspiracy claim against defendant Foster for issuing a false notice of

16  charges based on those recommendations.

17     Count eight (8): First Amendment retaliation claim against defendant Romero for allegedly

18  ransacking the plaintiff's cell and issuing a false notice of charges against plaintiff for theft, in retaliation

19  for filing grievances.

20     Count eleven (11): failure to train claim against Cox for allegedly failing to train officers under

21  his control in proper use of the Nevada Department of Corrections disciplinary and grievance

22  procedures.

23     Supplemental count: First Amendment retaliation claim against Meranza for allegedly

24  conducting a search of the plaintiff's cell and confiscating his property in retaliation for helping other

25  inmates in their legal pursuits.

26

## II.     Legal Standard

### A.     Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

### B.     Motion for Summary Judgement

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

1   that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a

2   matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and

3   dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

4        In determining summary judgment, a court applies a burden-shifting analysis.  "When the party

5   moving for summary judgment would bear the burden of proof at trial, it must come forward with

6   evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such

7   a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on

8   each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480

9   (9th Cir. 2000) (citations omitted).

10        In contrast, when the nonmoving party bears the burden of proving the claim or defense, the

11   moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element

12   of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a

13   showing sufficient to establish an element essential to that party's case on which that party will bear the

14   burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its

15   initial burden, summary judgment must be denied and the court need not consider the nonmoving party's

16   evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

17        If the moving party satisfies its initial burden, the burden then shifts to the opposing party to

18   establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio*

19   *Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need

20   not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

21   dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."

22   *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

23        In other words, the nonmoving party cannot avoid summary judgment by relying solely on

24   conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th

25   Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and

26   set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*

1   *Corp.*, 477 U.S. at 324.

2       At summary judgment, a court's function is not to weigh the evidence and determine the truth,

3   but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

4   242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are

5   to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable

6   or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

7                   **I.      First Amendment Retaliation**

8       As an initial matter, the court recognizes that the plaintiff is appearing *pro se* and must therefore

9   be held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro*

10  *se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

11  stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations

12  omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than

13  parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

14      In making a claim of First Amendment retaliation a prisoner must satisfy the following five

15  elements: (1) an assertion that a state actor took some adverse action against an inmate; (2) because of;

16  (3) that prisoner's protected conduct and that such action; (4) chilled the inmate's exercise of his First

17  Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes*

18  *v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 449 (9th

19  Cir.2000); *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994).

20      The plaintiff must provide evidence showing that the actions of the defendant "deterred or chilled

21  [the plaintiff's] political speech and that such deterrence was a substantial or motivating factor in [the

22  defendant's] conduct." *Mendocino Env'l Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir.

23  1999). This may be demonstrated through "either direct or circumstantial evidence" and does not require

24  that the speech be completely chilled, rather the element only requires a "demonstration that the

25  defendant intended to interfere with [the plaintiff's] First Amendment rights." *Id.* at 1300-01. As stated

26  by the Ninth Circuit, it would be "unjust to allow a defendant to escape liability for a First Amendment

                                5

violation merely because an unusually persistent plaintiff persists in his protected activity." *Id.* at 1300. The "proper inquiry asks 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Id*.

**III.    Discussion**

Although the plaintiff asserts that the defendants took adverse action because of his protected conduct, he fails to demonstrate a genuine issue of fact with regards to whether the alleged actions chilled the exercise of his First Amendment rights. It is clear, based on the inmate grievance history report, (doc. # 43, Ex. C-2), that the plaintiff continued to file multiple grievances and therefore his First Amendment rights were not actually "chilled."   Furthermore, the plaintiff has provided no direct or circumstantial evidence that defendants' actions were motivated by, or intended to interfere, with his First Amendment rights. Therefore the plaintiff has failed to establish a prima facie case for First Amendment retaliation.

The plaintiff cannot simply argue that he disagrees with his record of violations for charging legal fees, abuse of the grievance system as determined by prison officials, and the execution of the prison disciplinary system in order to bring claims against those enforcing it. Prison officials are given necessary deference in the enforcement of regulations to achieve the "penological objectives of the corrections systems." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001). In the instant case, this deference and complete lack of evidence to show any retaliatory motive shows that this not an example of a situation where summary judgment should be withheld as "reasonable minds could differ on the material facts." *See Anderson*, 477 U.S. at 251.

Moreover, the defendants' legitimate penological interests in conducting cell searches, deciding inmate housing assignments, and maintaining grievance filing and appeal procedures, provide the necessary rationale for the defendants' conduct. *See Shaw*, 532 U.S. at 230 (stating that "prison officials are to remain the primary arbitrators of the problems that arise in prison management"); *Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that a prison regulation is valid if it is reasonably related to legitimate

penological interests).

It follows that plaintiff's conspiracy claims (six and seven) and failure to train claim (eleven) also fail as the evidence demonstrates that the conduct on which the plaintiff bases his allegations were appropriate utilizations of the corrections system's grievance and disciplinary procedures. The defendants' motion for summary judgment is therefore granted.

Accordingly,

It is hereby ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment, (doc. # 43) be, and the same hereby is, GRANTED. The defendants are instructed to filed a proposed judgement within seven (7) days of the issuance of this order.

Dated June 6, 2014.

UNITED STATES DISTRICT JUDGE